**Arturo DELGADILLO, Plaintiff–Appellant,**

v.

**TEXAS VIOLENT GANG TASK FORCE; Texas Intelligence Monitoring; Texas Board of Pardons and Paroles; Doug Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division; Unknown Parties, Defendants–Appellees.**

No. 04–41339.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 21, 2005.

Arturo Delgadillo, Tennessee Colony, TX, pro se.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Arturo Delgadillo, Texas prisoner # 373936, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Delgadillo's claims that he is being harmed by electroconvulsive treatments, laser rays, and other forms of radiation through computer monitoring as part of the Gang Renouncement and Disassociation (GRAD) Process are frivolous; the district court was not required to accept Delgadillo's fanciful claims as true. *See Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). His claim that the parole denial notice given to him violates his constitutional rights is based on conclusory allegations and fails to allege a meritorious constitutional claim. *See Johnson v. Rodriguez,* 110 F.3d 299, 307–08 (5th Cir.1997).

As Delgadillo's appeal is without any arguable merit, we DISMISS it as frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2. We caution Delgadillo that the dismissal by the district court and the dismissal of this appeal as frivolous each counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). If Delgadillo accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.